| | |
|---|---|
| 1 | Shannon B. Nakabayashi (State Bar No. 215469) |
| | Jessica M. Peterson (State Bar No. 329740) |
| 2 | JACKSON LEWIS P.C. |
| | 50 California Street, 9th Floor |
| 3 | San Francisco, California 94111-4615 |
| | Telephone: (415) 394-9400 |
| 4 | Facsimile: (415) 394-9401 |
| | E-mail: Shannon.Nakabayashi@jacksonlewis.com |
| 5 | E-mail: Jessica.Peterson@jacksonlewis.com |
| 6 | Attorneys for Defendants |
| | 121 INFLIGHT CATERING, LLC and |
| 7 | DNATA US INFLIGHT CATERING, LLC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ROSAS, as an individual and on behalf of others similarly situated, | Case No. |
| Plaintiff, | **DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.** |
| v. | |
| 121 INFLIGHT CATERING, LLC, a California limited liability company, DNATA US INFLIGHT CATERING, LLC, a California limited liability company and DOES 1-50, inclusive, | |
| Defendants. | |

TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant DNATA INFLIGHT US CATERING, LLC ("dnata") removes the above-entitled action to this Court from the Superior Court of the State of California, County of Los Angeles pursuant to 28 U.S.C. §§ 1332 &1441(b) dnata submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff DANIEL ROSAS ("Plaintiff") against Defendants dnata and 121 Inflight Catering, LLC (together, "Defendants")

1 | and without conceding that Plaintiff has pleaded any claims upon which relief can be granted. This removal is based on the following grounds:

1. On April 28, 2022, Plaintiff DANIEL ROSAS ("Plaintiff") filed a civil complaint against Defendant in the Superior Court of the State of California in and for the County of Los Angeles titled "*Daniel Rosas v. 121 Inflight Catering, LLC*" Case No. 22STCV14204 ("Complaint").

2. In his Complaint, Plaintiff asserts the following fourteen causes of action: (1) Disability Discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) Retaliation in violation of the FEHA; (3) Failure to Prevent Discrimination and Retaliation in violation of the FEHA; (4) Failure to Accommodate in violation of the FEHA; (5) Failure to engage in a timely good faith interactive process in violation of the FEHA; (6) wrongful termination in violation of public policy; (7) failure to pay overtime; (8) failure to pay minimum wages; (9) failure to pay timely wages; (10) failure to unlawfully receive wages; (11) failure to provide meal breaks; (12) failure to provide rest periods; (13) failure to pay timely wages upon termination; and (14) unlawful business practices. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.

3. Defendant filed and served an Answer to Plaintiff's Complaint in the Superior Court of the State of California in the County of Santa Clara on June 1, 2022. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit B**.

4. This removal is timely because it is being filed within thirty (30) days after Defendant was first served with a copy of Plaintiff's Summons and Complaint and is, therefore, filed within the time period mandated by 28 U.S.C. § 1446(b).

5. Plaintiff's Complaint and Defendant's Answer represent all pleadings and other documents filed with the California Superior Court in this matter as of the date this Notice of Removal is filed.

**CONSENT**

6. dnata consents to removal to the Central District of California. *See* Declaration of Angela Bhojwani ("Decl. of A. Bhojwani"), ¶ 7.

**DIVERSITY JURISDICTION**

7. Defendant is informed and believes Plaintiff is, and was at all times relevant to this action, a citizen and resident of the State of California. *See* Complaint at Paragraph 1.

8. Pursuant to 28 U.S.C. § 1332 (c)(1), a corporation is a citizen of any state in which it is incorporated in addition to the state where it maintains its principal place of business. dnata is incorporated in, and under the laws of, the State of New York. *See* Complaint at Paragraph 2; Decl. of A. Bhojwani ¶ 6. dnata maintains its principal place of business in the State of New York. *See* Complaint at Paragraph 2; Decl. of A. Bhojwani ¶ 6. Therefore, under 28 U.S.C. § 1332(c)(1), dnata is not a citizen of the State of California and complete diversity among the parties exists.

**AMOUNT IN CONTROVERSY**

9. While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal quotations and citations omitted).

10. As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying

facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

11. In determining whether the amount in controversy exceeds $75,000.00, a court must presume a plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust* v. *Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002)*,* citing *Angus v. Shiley Inc*., 989 F.2d 142, 146 (3rd Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").

12. A plaintiff is generally entitled to backpay in a wrongful termination cause of action. *Parker v. Twentieth Century Fox Film Corp.*, 3 Cal.3d 176, 181 (1970). This remedy is "the amount that plaintiff would have earned but for the employer's unlawful conduct." *Lowe v. California Resources Agency*, 1 Cal. App.4th 1140, 1144 (1991).

13. Both past and future loss of earnings are considered for purposes of calculating the amount of controversy, even though the amount of controversy is assessed at "the time of removal." *Chavez v. JPMorgan Chase & Co.* (9th Cir. 2018) 888 F.3d 413, 417. Here, Plaintiff alleges that he was terminated on February 21, 2020. (Complaint, ¶ 14.) Plaintiff's final wage with Defendant was $65,000 per year. (Decl. of A. Bhojwani, ¶ 8.) Thus, Plaintiff's back pay, calculated from February 21, 2020 to the date of removal filed by Defendant on June 2, 2022 would total approximately $152,000. A conservative estimate of one year's front pay would total approximately $65,000, for a total of $217,000 in lost wages.

14. Plaintiff further claims an unspecified amount of compensatory damages for emotional distress. (*See* Complaint, Prayer for Relief.) Plaintiffs who seek recovery for emotional distress damages in analogous employment litigation

frequently have been awarded emotional distress damages well in excess of $75,000.

15.  Plaintiff also prays for an unspecified amount of attorneys' fees. (Complaint, Prayer for Relief.)  Attorneys' fees may be included in the amount in controversy. *Simmons v. PCR Technology,* 209 F. Supp.2d 1029, 1034 (N.D. Cal. 2002) citing *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998). Attorneys' fees accrue until the action is resolved for the purpose of the amount in controversy requirement. *Simmons*, 209 F. Supp.2d at 1034. The Court may examine the nature of the action and the relief sought and take judicial notice of attorneys' fee awards in similar cases. (*Id.* at 1035 (attorneys' fees in individual employment cases often exceed damages).) It is more likely than not that, if Plaintiff prevails (which he should not), the amount of attorney's fees alone in controversy will be well over $75,000.

16.  Finally, Plaintiff seeks punitive damages. (Complaint, Prayer for Relief.)  Punitive damages are included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Ace. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994.) "Because the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," a plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. (*Id.* at 334.) Thus, although Defendant vigorously denies Plaintiff's allegations and his entitlement to any damages whatsoever, if Plaintiff were to prevail on his claims, the potential punitive damages award alone against Defendant is likely to exceed the $75,000 jurisdictional minimum.

17.  Accordingly, Defendant's potential liability with respect to Plaintiff far exceeds the $75,000.00 threshold for diversity jurisdiction.

18.  Further, in determining the amount in controversy at the time of removal, the Court is not limited to the amount of damages incurred as of the time

of removal, but may look forward in time to damages that can be recovered in the future. *Chavez v. JP Morgan Chase & Co.,* 888 F.3d 413, 417-18 (9th Cir. 2018) ("That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy. In sum, the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails.").

19.     Here, considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees and punitive damages that might be awarded if Plaintiff prevails, establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

## REMOVAL JURISDICTION

20.     For all the foregoing reasons, this Court has original jurisdiction of this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because it is a civil action between diverse citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

21.     This Notice of Removal has been filed within thirty (30) days after Defendant was first served with a copy of Plaintiff's Summons and Complaint and is, therefore, filed within the time period mandated by 28 U.S.C. § 1446(b).

22.     Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1391(a) and 1441(a) because the state action was filed within this district, and it is the judicial district in which the action arose. 28 U.S.C. § 84. *See* Complaint ¶¶1-3 (Plaintiff is a resident of the County of Los Angeles, the conduct alleged occurred in the County of Los Angeles).

///

///

///

WHEREFORE, Defendant prays the above action now pending against it in the Superior Court of the State of California in and for the County of Los Angeles be removed therefrom to this Court.

Dated: June 2, 2022                                JACKSON LEWIS P.C.


By: /s/ Shannon B. Nakabayashi
Shannon B. Nakabayashi
Jessica M. Peterson
Attorneys for Defendants
121 INFLIGHT CATERING, LLC
and DNATA US INFLIGHT
CATERING, LLC

4854-5728-0803, v. 2

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.                Case No.